

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00265-CV

John **DONOHUE**,
Appellant

v.

Martha **DONOHUE**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CI19573
Honorable David A. Canales, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  July 30, 2014

DISMISSED FOR WANT OF JURISDICTION

Appellant John M. Donohue appeals a final decree of divorce signed October 8, 2013. Appellant did not file a timely motion that would have extended the appellate timetable. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due November 7, 2013, or a motion for extension of time to file the notice of appeal was due fifteen days later on November 24, 2013 (November 22, 2013, the actual due date, was a Saturday). *See* TEX. R. APP. P. 26.1, 26.3; *see also* TEX. R. APP. P. 4.1(a). Appellant did not file a timely notice of appeal or a timely

motion for extension of time to file the notice of appeal. However, on April 22, 2014, appellant filed a notice of appeal and a motion for extension of time to file a notice of appeal.

The supreme court holds that "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing predecessor to Rule 26). We therefore ordered appellant to file a response showing cause why this appeal should not be dismissed for lack of jurisdiction. We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

In response, appellant filed two documents. In the first document, entitled "Response to Order Dated July 2, 2014," appellant contends the appeal should not be dismissed for want of jurisdiction because this is a restricted appeal pursuant to Rule 30 of the Texas Rules of Appellate Procedure, which permits "a party who did not participate — either in person or through counsel — in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)," to file a notice of appeal within six months of the date of the judgment. TEX. R. APP. P. 30, 26.1(c). We hold appellant is not entitled to the benefit of this rule because the clerk's record establishes appellant participated in person and through counsel in the hearing that resulted in the final decree of divorce, the judgment complained of. Specifically, the judgment establishes appellant and his counsel appeared at the final hearing. The record contains a bench warrant establishing the trial court ordered appellant to be brought to court for the hearing, and a notice of appearance of counsel for Anton Paul Hajek III.

Appellant contends he did not "participate" because at the final hearing, he was confined to a wheelchair and "under heavy sedation." There is nothing in the record to substantiate this contention. He also asserts he was not represented by counsel because his counsel of record did

not "show up" at the hearing; rather, Mr. Hajek "sat in" for his counsel of record "to act as a mediator." Again, the record does not support these contentions. The record reflects appellant's original attorney was permitted to withdraw by order of the trial court. The trial court's order specifically states appellant "consented to the motion." Moreover, Mr. Hajek's notice of appearance states that although he was "vicariously retained" by appellant's mother, appellant consented to Mr. Hajek's appearance as "attorney of record in this cause."

In addition to filing the "Response," appellant also filed a motion asking this court, pursuant to Rule 2 of the Rules of Appellate Procedure, to suspend the filing deadline for the notice of appeal and permit appellant to pursue the appeal despite the untimely notice of appeal. *See* TEX. R. APP. P. 2. However, Rule 2 specifically states that a court may not construe Rule 2 to "alter the time for perfecting an appeal in a civil case." Accordingly, we deny appellant's motion to suspend the rules.

As noted above, appellant filed a motion to extend time to file the notice of appeal, but far outside the parameters of the rules. Accordingly, we also deny appellant's motion to extend time to file the notice of appeal as it is untimely.

Based on the foregoing, we hold the notice of appeal was untimely, and appellant's response does not establish we have jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM